UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RINCKEY,

    Plaintiff,

v.                                          Case No. 09-CV-10431
                                           Honorable George Caram Steeh

RN J. SMITH, *et. al.*,

    Defendants.

_____/

## OPINION AND ORDER FOR SUMMARY DISMISSAL

On February 4, 2009, Plaintiff Michael Rinckey filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. However, because Plaintiff failed to file the appropriate filing fee with the Court, on February 6, 2009, an Order was signed directing him to pay the necessary $350.00 filing fee or to submit an application to proceed *in forma pauperis*. In that Order, the Court requested that Plaintiff comply with its Order within thirty (30) days. For the reasons stated below, the Court will dismiss Plaintiff's civil rights complaint for want of prosecution. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997) (each prisoner should be proportionally liable for any fees and costs). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "down[-]payment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F.Supp.2d 960, 962 (W.D. Tenn. 2000).

Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he files an affidavit of indigence and a certified copy of the trust-fund-account statement for the six-month period immediately preceding the filing of the Complaint. *See* 28 U.S.C. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the full fee. *See McGore*, 114 F.3d at 605. If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

Against that backdrop, the Court will dismiss Plaintiff's Complaint for want of prosecution, because of Plaintiff's failure to comply with the deficiency Order; failing to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis*. *See Erby v. Kula,* 113 Fed.Appx. 74, 75-76 (6th Cir. 2004); *Davis v. United States,* 73 Fed.Appx. 804, 805 (6th Cir. 2003).

Accordingly, **IT IS ORDERED** that Plaintiff's Complaint **IS DISMISSED** for failure to comply with the filing requirements of the Prison Litigation Reform Act. Because the case is being dismissed under these circumstances, the Court further **ORDERS** that it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *McGore*, 114 F.3d at 605.

Dated:  March 17, 2009

                                          S/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 17, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk